```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

BRAD WARRINGTON,

        Plaintiff,

v.                                   Case No: 2:22-cv-77-JES-KCD

ROCKY PATEL PREMIUM CIGARS,
INC., and RAKESH PATEL,

        Defendants.

_____

## OPINION AND ORDER

This case comes before the Court on defendants' Motion to Compel Arbitration (Doc. #45) filed on June 15, 2022. A response and reply were filed. (Docs. ## 49, 56.) For the reasons set forth, the motion is **DENIED**.

### I.

In 1996, Plaintiff Brad Warrington (Warrington) and his former neighbor, defendant Rakesh "Rocky" Patel (Patel) formed the cigar company Indian Tabac-Company, now known as defendant Patel Premium Cigars (Patel Cigars).[1]  (Doc. #1, ¶ 13.)  In 1998, Warrington entered into a Buy-Sell Agreement (the 1998 Agreement), which included provisions related to selling company shares. (Id.

---

[1] The Court previously described the allegations of the Complaint (Doc. #1) and procedural history when denying defendants' motion to dismiss, abate, stay, or remand. (Doc. #42, pp. 1-5.)

¶ 14.)  Relevant to the pending motion, the 1998 Agreement includes the following arbitration provision:

> In the event that any controversy or claim arising out of this Agreement cannot be settled by the parties, such controversy or claim shall be settled by arbitration in accordance with the then current rules of the American Arbitration Association, and judgment upon the award may be entered in any court having jurisdiction thereof.

(Doc. #1-4, § 6.05.)

In 2015, Warrington began discussions with Patel about selling or transferring his shares. (Doc. #1, ¶ 20.) Patel offered Warrington less than $1 million. (Id. ¶ 22.) Warrington declined the offer, based on an independent evaluation which valued his shares and interest at $13 million. (Id.) In 2021, Warrington sent Patel a letter stating his desire to sell his shares for $7.5 million. (Id. ¶ 23.) Patel did not respond to the offer, leaving Warrington to sell a portion of his shares at a discounted price. (Id. ¶¶ 24-25.)

On July 7, 2021, defendants initiated an action in Florida state court (the State Action). On November 4, 2021, defendants filed an amended complaint in the State Action, asserting claims for breach of contract and the covenant of good faith and fair dealing, relating to Warrington's sale of his shares. (Doc. #13-1.) In the State Action, defendants sought specific performance

by requiring Warrington to sell his shares pursuant to the 1998 Agreement.  (Id.)

On February 4, 2022, Warrington initiated this action.  (Doc. #1.)  Defendants moved to dismiss, remand, abate, or stay this action based on the State Action.  (Doc. #13.)  The Court denied the motion.  (Doc. #42.)  Defendants now move to compel arbitration pursuant to the 1998 Agreement.  (Doc. #45.)

## II.

The provisions of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*, establishes a federal policy in favor of arbitration.  Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987); Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1330 (11th Cir. 2014) (FAA was enacted in order to ensure the "enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceeding.").

The FAA provides that any dispute arising out of a contract that has a written agreement to arbitrate "[s]hall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2; see Pendergast v. Sprint Nextel Corp., 691 F.3d 1224, 1231 (11th Cir. 2012).  The FAA creates "a presumption of arbitrability such that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  Bazemore v. Jefferson Capital Sys., LLC, 827 F.3d 1325, 1329 (11th Cir. 2016).

Warrington asserts that defendants waived their right to compel arbitration. (Doc. #49, p.3.) "A party has waived its right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990), abrogated by Morgan v. Sundance, Inc., 142 S. Ct. 1708, 212 L. Ed. 2d 753 (2022).[2] "A party that substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate." Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1201 (11th Cir. 2011) (quotation omitted). "[T]he burden of proving waiver rests with the party seeking to prove waiver." Nelson v. Synchrony Bank, No. 216CV703FTM99MRM, 2017 WL 4763541, at *2 (M.D. Fla. Oct. 20, 2017) (quotation omitted).

Defendants waived their right to arbitrate. Defendants initiated the State Action, seeking to avail themselves of the litigation machinery instead of arbitration. Defendants then wanted all the claims between the parties in this case litigated in state court, as evidenced by their motion to dismiss, abate, stay, or remand filed in this court. The Court denied that motion

---

[2] The Eleventh Circuit previously required a showing of: (1) the party seeking to compel arbitration acting inconsistently with that right; and (2) prejudice to the nonmoving party. S&H Contractors, 906 F.2d at 1514. In Morgan, the Supreme Court held that there is no prejudice requirement when considering whether a party waived their right to arbitrate. Morgan, 142 S. Ct. at 1714.

4

but recognized that the federal and state litigation boiled down to substantially the same issue: whether Warrington, Patel, and Patel Cigars fulfilled their respective duties and obligations under the 1998 Agreement and applicable Florida law.  Had defendants wanted to pursue their right to arbitrate, they would never have filed the State Action.  Defendants have waived their right to arbitrate.

Accordingly, it is now

**ORDERED**:

Defendants' Motion to Compel Arbitration (Doc. #45) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of August, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

5