```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

BRAD WARRINGTON,

       Plaintiff,

v.                               Case No:  2:22-cv-77-JES-KCD

RAKESH PATEL and ROCKY
PATEL PREMIUM CIGARS, INC.,

       Defendants.

---

## **ORDER**

This matter comes before the Court on defendants' Motion to Stay Proceedings Pending Appeal (Doc. #1) filed on August 9, 2022. Plaintiff filed a Response in Opposition (Doc. #72) on August 19, 2022. Defendant seeks a stay of the case pending an appeal arguing that it is required under 9 U.S.C. § 3. Plaintiff opposes the motion arguing that the appeal "is yet another example of the dilatory tactics employed by the Defendants to obstruct discovery and delay litigation." (Doc. #72, ¶ 6.)

On August 1, 2022, the Court issued an Opinion and Order (Doc. #57) denying a motion to compel arbitration finding that defendants had waived the right by filing the state action. On August 5, 2022, defendants filed a timely Notice of Appeal (Doc. #60).

> "Ordinarily, courts of appeals have jurisdiction only over 'final decisions' of district courts." <u>Arthur Andersen LLP v. Carlisle</u>, 556 U.S. 624, 627 (2009) (quoting 28 U.S.C. § 1291). "The FAA, however, makes an exception to that finality requirement" for certain interlocutory appeals. <u>Id.</u> Most pertinent here, it permits an interlocutory appeal from a district-court order "denying a petition under section 4 of this title to order arbitration to proceed" 9 U.S.C. § 16(a)(1)(B). By that provision's plain terms, a litigant who moves to compel arbitration may immediately appeal from a denial of that motion. <u>See, e.g.</u>, <u>Bess [v. Check Express</u>, 294 F.3d 1298, 1302 (11th Cir. 2002)] (reviewing at interlocutory stage a district court's order denying a motion to compel arbitration).

<u>Griggs v. Kenworth of Montgomery, Inc.</u>, 775 F. App'x 608, 610 (11th Cir. 2019). <u>See also</u> 9 U.S.C. § 16(a)(1) (An appeal may be taken from an order refusing a stay or denying an application to compel arbitration).

As defendants are permitted to immediately appeal from a denial of a motion to compel arbitration, the Court finds that a stay of the case pending appeal is appropriate.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion to Stay Proceedings Pending Appeal (Doc. #1) is **GRANTED.** The case is **stayed** pending appeal and notification by the parties or the Eleventh Circuit that the appeal process is

complete.  The Clerk shall terminate all motions and deadlines while the case is stayed.

**DONE and ORDERED** at Fort Myers, Florida, this __23rd__ day of August 2022.

                                                              _____
                                                              JOHN E. STEELE
                                                              SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record