UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRAD WARRINGTON,

    Plaintiff,

v.                                Case No.:  2:22-cv-77-JES-KCD

RAKESH PATEL and ROCKY
PATEL PREMIUM CIGARS, INC.,

    Defendants.
_____/

## ORDER

Defendant Rocky Patel Premium Cigars, Inc. seeks a thirty-day extension of the deadline to amend its pleadings. (Doc. 89.) For the reasons below, the motion is denied.

Because Defendant seeks to modify the scheduling order, Federal Rule of Civil Procedure 16 governs. *See Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir.1998)).[1] It states: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In evaluating this rule, the touchstone is diligence. "Th[e] good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

the extension." *Sosa*, 133 F.3d at 1418. Thus, "[a] finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002); *see also In re Deepwater Horizon Belo Cases*, No. 321CV00737MCRGRJ, 2022 WL 732246, at *3 (N.D. Fla. Mar. 10, 2022) ("When considering whether to extend or revive a court's scheduling order deadline, the Court applies the Rule 16 good cause standard, which requires a showing of diligence.").

Despite citing Rule 16, Defendant does little to show it was diligent. Defendant's only substantive argument is that new counsel was hired, and thus more time is needed to "allow new and separate corporate counsel time to fully evaluate the facts and intervening events and provide a fulsome amendment for the Court's consideration." (Doc. 88 at 2-5.) But this doesn't address diligence. There is no explanation why Defendant could not have "fully evaluate[d] the facts" to meet the current deadline. This matter has been pending for over a year, which undermines any suggestion Defendant needs an extension to assess the case. *Williams v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:09CV225/MCR/MD, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010) ("[T]he moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline.").

2

Defendant also mentions "very recent events" that "may require the brining of certain counterclaims." (*Id.* at 2.) But there is no further explanation of what these "very recent events" are, or how they create a claim. Vaguely referring to intervening facts is not enough in this context. Rule 16's "good cause standard is a rigorous one, focusing not on the good faith of or the potential prejudice to any party, but rather on the parties' diligence in complying with the court's scheduling order." *Nolen v. Wyndham Vacation Resorts, Inc.*, No. 6:20-CV-330-ORL-40-EJK, 2020 WL 9171962, at *1 (M.D. Fla. May 27, 2020). Having failed to show diligence, "the [good cause] inquiry" ends and Defendant's motion must be denied. *Yergey v. Brinker Fla., Inc.*, No. 6:20-CV-917-ORL-37-LRH, 2021 WL 3729254, at *5 (M.D. Fla. Jan. 28, 2021).

Although Defendant is not entitled to the extension sought, the Court will move the amendment deadline to this Friday (5/12/23) to account for the time this motion has been pending without a ruling.

Accordingly, it is now **ORDERED**:

1. Defendant's Motion to Modify the Case Management and Scheduling Order (Doc. 88) is **DENIED**.

2. The Court *sua sponte* extends the deadline to amend the pleadings to May 12, 2023, to account for the time this motion has been pending without a ruling.

**ENTERED** in Fort Myers, Florida on May 10, 2023.

_Kyle C. Dudek_
United States Magistrate Judge

Copies: All Parties of Record

4