```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

BRAD WARRINGTON,

      Plaintiff,

v.                                    Case No: 2:22-cv-77-JES-KCD

RAKESH PATEL and ROCKY PATEL
PREMIUM CIGARS, INC.,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of plaintiff's Motion to Dismiss Counterclaim and to Strike Insufficient Affirmative Defenses (Doc. #125) filed on September 15, 2023. Defendants filed an Opposition (Doc. #133) on October 6, 2023, and plaintiff filed a Reply (Doc. #149) on October 23, 2023, with leave of Court. For the reasons set forth below, the Court denies the motion to dismiss the counterclaim, grants the motion to strike three affirmative defenses, and grants leave to file amended affirmative defenses.

**I.**

The Verified Complaint, Derivative Action (Doc. #1) (the Complaint) was filed by plaintiff Brad Warrington against Rocky Patel Premium Cigars, Inc. (Patel Cigars) and Rakesh Patel (Rocky Patel) based on allegedly wrongful conduct against Warrington as

a minority shareholder of Patel Cigars. Warrington owns 6.05% of the shares and Rocky Patel owns 93% of the shares of Patel Cigars. The Complaint asserts a combination of direct actions against both defendants and a shareholder derivative action against the corporation. On August 8, 2022, defendants filed an Answer and Affirmative Defenses (Doc. #64). On August 25, 2023, a Second Amended Answer and Affirmative Defenses and Counterclaim (Doc. #124) was filed. Warrington now seeks to dismiss the Counterclaim for failure to state a claim upon which relief may be granted and to strike the Third, Fourth, and Fifth Affirmative Defenses for being insufficiently pled.

## II.

As a procedural matter, defendants argue that the motion is untimely because under Rule 15 "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Here, the Counterclaim was filed on August 25, 2023, and the motion to dismiss was filed on September 15, 2023.

A counterclaim is not a listed "pleading" under Fed. R. Civ. P. 7(a), and an answer to a counterclaim must be served within 21 days of service of the counterclaim. Fed. R. Civ. P. 12(a)(1)(B). A motion to dismiss for failure to state a claim must be filed before filing a responsive pleading, Fed. R. Civ. P. 12(b)(6), and

2

a motion to strike must be filed before "responding to the pleading." Fed. R. Civ. P. 12(f)(2).  The Court finds that the motion to dismiss and to strike are timely filed.[1]

### III.

Warrington seeks to dismiss the Counterclaim for failure to sufficiently plead a claim upon which relief may be granted.  As the Court has previously stated in connection with the review of the sufficiency of a counterclaim:

> In evaluating a Rule 12(b)(6) motion seeking to dismiss a counterclaim for failing to comply with Rule 8(a), the Court must accept as true all factual allegations in the counterclaim complaint and "construe them in the light most favorable to the [counterclaim-]plaintiff." Baloco ex rel. Tapia v. Drummond Co., 640 F.3d 1338, 1345 (11th Cir. 2011). However, mere "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).
>
> By extension, "[a] motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." Sticky Holsters, Inc. v. Ace Case Mfg., LLC, No. 2:15-CV-648-FTM-29CM, 2016 WL 1436602, at *6 (M.D. Fla. Apr. 12, 2016) (quoting Geter v. Galardi S. Enters., Inc., 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014)).  Thus, to avoid dismissal under Rule 12(b)(6), each

---

[1] The case cited by defendants, Stone Tech. (HK) Co. v. GlobalGeeks, Inc., No. 20-CV-23251, 2021 WL 86776, at *3 (S.D. Fla. Jan. 11, 2021) discusses whether a counterclaim is deemed abandoned if not asserted as a part of a recognized pleading, like an answer, and does not apply Rule 15 to the deadline to respond. (Doc. #133, pp. 5-6.)

> counterclaim must contain sufficient factual allegations to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To do so requires "enough facts to state a claim to relief that is plausible on its face." Id. at 570.
>
> This plausibility pleading obligation demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." (citation omitted)). Instead, the counterclaim complaint must contain enough factual allegations as to the material elements of each claim to raise the plausible inference that those elements are satisfied, or, in layman's terms, that the counterclaim-plaintiff has suffered a redressable harm for which the counterclaim-defendant may be liable.

Pk Studios, Inc. v. R.L.R. Invs., LLC, No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323, at *8 (M.D. Fla. Aug. 30, 2016).[2]

"The elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages."

---

[2] The Court rejects Warrington's argument that the current standard for dismissal under Rule 12(b)(6) is whether a party can prove no set of facts in support of his claim which would entitle him to relief. (Doc. #125, p. 3.)

Taubenfeld v. Lasko, 324 So. 3d 529, 537-38 (Fla. 4th DCA 2021) (quoting Gracey v. Eaker, 837 So. 2d 348, 353 (Fla. 2002)). In his motion to dismiss, Warrington argues there is no fiduciary duty or relationship between himself and Patel Cigars. (Doc. #125, pp. 4-5.)

The Counterclaim asserts that Warrington is one of only two shareholders in Patel Cigars, a closely held corporation, and therefore Warrington owes Patel Cigars certain fiduciary duties. Those duties include ("but are not limited to") (1) "a duty to act in good faith"; and (2) "a duty to avoid grossly negligent, reckless, and intentional conduct that harms the corporation, including false statements that damage the reputation or good will of the corporation."  (Doc. #124, Counterclaim at ¶ 2.)  The Counterclaim alleges that Warrington breached his fiduciary duties to the Patel Cigars by: (1) making "false and disparaging statements about the corporation, its business practices, and its management"; and (2) "not availing himself of the proper mechanism within the company to resolve disputes about management of the company." (Id. at ¶¶ 3-4.) The Counterclaim further alleges that these breaches caused Patel Cigars to suffer injuries. (Id. at ¶ 5.)

Warrington asserts that he has no fiduciary duty to Patel Cigar. "To establish a general fiduciary relationship, 'a party must allege some degree of dependency on one side and some degree

of undertaking on the other side to advise, counsel, and protect the weaker party.'" Orlinsky v. Patraka, 971 So. 2d 796, 800 (Fla. 3d DCA 2007) (citation omitted). Being a minority shareholder in a closely held corporation would not fall within this principle. Additionally, while Florida law is clear that a majority shareholder in a closely held corporation owes a fiduciary duty to the corporation and a minority shareholder, Orlinsky, 971 So. 2d at 801, it is not so clear that this would apply to a minority shareholder. However, at least one Florida appellate court has found that a minority shareholder in a closely held corporation owed a fiduciary duty to the corporation and the majority shareholder. Doctor Rooter Supply & Service v. McVay, 226 So. 3d 1068, 1073-74 (Fla. 5th DCA 2017) (20% shareholder owed fiduciary duty to corporation and 80% shareholder). Accordingly, the Court denies the motion to dismiss the Counterclaim.

## IV.

Plaintiff seeks to strike defendants' affirmative defenses for estoppel (Third), waiver (Fourth), and unclean hands (Fifth) as insufficiently pled. Defendants respond that all three of the affirmative defenses are adequately pled.

A party responding to a pleading must "affirmatively state" any avoidance or affirmative defenses in its response. Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the

6

plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). On the other hand, "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988). "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988).

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The striking of affirmative defenses is a "drastic remedy" generally disfavored by courts." Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia, 777 F. Supp. 2d 1322, 1327-28 (S.D. Fla. 2011).

The Court finds that the contested affirmative defenses are "affirmatively state[d]" within the meaning of Rule 8(c) but are "insufficient" within the meaning of Rule 12(f).  Therefore, the motion to strike is granted.

### A. Estoppel – Third Defense

The third affirmative defense asserts in its entirety: "As a Third Affirmative Defense, Defendants assert that Warrington is estopped from bringing the claims raised in the Complaint as a

result of having sat on his rights too long, failing to comply with the express provisions of the contract between the parties, and otherwise acting inconsistently with the implied covenants of the contract between the parties. Defendants detrimentally relied on Warrington's inaction. By way of example and not limitation, Warrington was long ago aware that Patel was receiving royalties from Patel Cigars for the use of his name, and he never complained about it." (Doc. #124, p. 8.) The Court finds this is insufficiently pled.

Generally, "[e]quitable estoppel is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position." Fla. Dep't of Health & Rehab. Servs. v. S.A.P., 835 So. 2d 1091, 1096 (Fla. 2002) (citation omitted). There are three elements required for the affirmative defense of estoppel: "(1) a representation as to a material fact that is contrary to a later-asserted position; (2) reliance on that representation; and (3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon." Beezley v. Deutsche Bank Nat'l Tr. Co. as Tr. for New Century Home Equity Loan Tr. Series 2004-A Asset Backed Pass-through Certificates, Series 2004-A, 336 So. 3d 814, 817 (Fla. 2d DCA 2022). See also Nationstar Mortgage LLC v. LHF Hudson, LLC, 271 So. 3d 1073, 1077 (Fla. 3d DCA 2019) (same). The party raising estoppel must ultimately prove its

8

elements by clear and convincing evidence. <u>Watson Clinic, LLP v. Verzosa</u>, 816 So. 2d 832, 834 (Fla. 2d DCA 2002).

The Third Affirmative Defense mixes generic assertions that Warrington did nothing ("sat on his rights too long" and "fail[ed] to comply with the express provisions of the contract between the parties") with a generic assertion that he "act[ed] inconsistently with the implied covenants of the contract". The affirmative defense fails to sufficiently identify either what he did, did not do, or did incorrectly, and fails to identify either the express or implied provisions of the contract which are allegedly at issue. The affirmative defense alleges detrimental reliance only in a conclusory fashion – "Warrington's inaction" - and fails to allege a change in position at all. The motion to strike will be granted without prejudice.

### B. Waiver – Fourth Defense

The Fourth Affirmative Defense states in its entirety: "As a Fourth Affirmative Defense, Defendants assert that Warrington has waived the causes of action asserted as a result of having sat on his rights too long, failing to comply with the express provisions of the contract between the parties, and otherwise acting inconsistently with the implied covenants of the contract between the parties. Warrington knew of Patel and Patel Cigars' alleged transactions that he complains about, the details of which were set forth in the Patel Cigars' financial statements and other

9

records to which the Plaintiff has access, yet he did nothing to address them until February of 2022." (Doc. #124, pp. 8-9.)

"Waiver requires (1) the existence at the time of the waiver a right, privilege, advantage, or benefit which may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish such right, privilege, advantage, or benefit. Waiver may be express, or . . . implied from conduct. A party may waive any right which it is legally entitled to, including rights secured by contract." Matter of Garfinkle, 672 F.2d 1340, 1347 (11th Cir. 1982) (citation omitted). "Waiver by silence may occur when a party is under a duty to affirmatively vindicate its right and does not do so. [] However, delay alone does not constitute waiver." United States Life Ins. Co. in the City of New York v. Logus Mfg. Corp., 845 F. Supp. 2d 1303, 1317-18 (S.D. Fla. 2012) (internal citations omitted).

The Court finds that the Fourth Affirmative Defense does not reasonably allege all the elements of waiver, including no assertion at all about the intent to relinquish a right. The motion to strike will be granted without prejudice.

**C. Unclean Hands – Fifth Defense**

The Fifth Affirmative Defense states in its entirety: "As a Fifth Affirmative Defense, Defendants assert that Warrington has engaged in inequitable and otherwise wrongful conduct as it pertains to the events and transactions at issue in this case such

10

that his claims are barred by the doctrine of unclean hands." (Doc. #124, p. 9.)

Unclean hands is a defense that bars an equitable claim no matter the claim's merits when "the plaintiff has engaged in some manner of unscrupulous conduct, overreaching, or trickery that would be 'condemned by honest and reasonable men.'" 21st Mortg. Corp. v. TSE Plantation, LLC, 301 So. 3d 1120, 1122 (Fla. 1st DCA 2020) (quoting Shahar v. Green Tree Servicing, LLC, 125 So. 3d 251, 253 (Fla. 4th DCA 2013) (citation omitted)). The party asserting this defense must allege and ultimately prove condemnable conduct plus three other "elements": (1) reliance on the conduct; (2) relation to the litigation; (3) resulting in an injury. McIntosh v. Hough, 601 So. 2d 1170, 1172–73 (Fla. 1992) (stating the first element); 21st Mortgage, 301 So. 3d at 1122 (stating the second and third elements). See also U.S. Bank Nat'l Ass'n as Tr. for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-CB8 v. Qadir, 342 So. 3d 855, 859 (Fla. 1st DCA 2022) (stating all three elements).

There are no facts as to what the wrongful conduct was, how the alleged wrongdoing is 'directly related' to the claim, or how defendants were personally injured. The vague reference to "as it pertains to the events and transactions at issue in this case" does not sufficiently put plaintiff on notice. The motion to strike will be granted as to the Fifth Defense without prejudice.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Dismiss Counterclaim and to Strike Insufficient Affirmative Defenses (Doc. #125) is **DENIED** as to the Motion to Dismiss Counterclaim and **GRANTED** as to the Motion to Strike Insufficient Affirmative Defenses. The Third, Fourth and Fifth Affirmative Defenses are stricken. Amended versions of these affirmative defenses may be filed within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of November 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

12