UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRAD WARRINGTON,

     Plaintiff,

v.                           Case No.:  2:22-cv-77-JES-KCD

RAKESH PATEL and ROCKY
PATEL PREMIUM CIGARS, INC.,

     Defendants.

_____/

## ORDER

Before the Court is Defendants' Motion to Enforce Protective Order and Local Rule 1.11(d), to Strike Filing or to Maintain Sealing, and for Sanctions. (Doc. 153.)[1] Plaintiff Brad Warrington responded (Doc. 157), making this matter ripe. For the below reasons, the motion is granted in part and denied in part.

This case involves a shareholder dispute, so naturally, financial documents have been produced. In briefing one of the many discovery motions, Warrington filed a document that summarizes some of Defendants' financial dealings based on "a representative sample of [items] provided in discovery." (Doc. 150-1.) In compiling the document, Warrington relied on materials that

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Defendants designated as "confidential." Defendants argue that filing the document without first conferring with them runs afoul of Local Rule 1.11(d).

Local Rule 1.11(d) states,

> (d) FILING ANOTHER PERSON'S CONFIDENTIAL ITEM. To file an item that plausibly qualifies for sealing and that the filing person knows or reasonably should know another person considers confidential, the filing person must file instead of the item a placeholder only identifying the item and must notify the other person within seven days after filing the placeholder. Within fourteen days after receiving the notice, the other person or a party may move to seal the item. Absent a timely motion, the filing person must file the item within seven days after expiration of the fourteen days. If the item is part of a paper to which a response is permitted, the time within which to respond is extended until seven days after filing.

Under the Civil Action Order, "compliance with Local Rule 1.11 is strictly enforced." (Doc. 3 at 6.)

Because the document arguably contains confidential information and pulls from items that Defendants designated as confidential, Local Rule 1.11(d) dictated that Warrington first notify Defendants before filing it. The document "plausibly qualifies for sealing" and Warrington reasonably should have known Defendants considered the information used to compile the document as confidential and followed the rule. Indeed, "financial information" falls within protected information under the parties' agreed Protective Order. (Doc. 41.) Because Warrington did not follow Local Rule 1.11(d), the Court will strike the filing. *See Jones v. United Space All., L.L.C.*, 170 F. App'x 52, 57 (11th Cir. 2006) (district court did not abuse its discretion in striking a motion that

violated local rules); *Goines v. Lee Mem'l Health Sys.*, No. 2:17-CV-656-FTM-29CM, 2018 WL 4924350 (M.D. Fla. Oct. 10, 2018). And practically speaking, because the Court has decided the discovery motion and did not rely on the document at issue in reaching its ruling, striking it causes no prejudice. Finally, because the filing has been stricken, the Court need not delve into the balancing act required to determine whether it should be sealed.

Defendants also ask the Court to award sanctions—attorney's fees and costs incurred in filing their motion and any damages later found to be caused by the document being published. District courts have broad discretion in controlling discovery and imposing sanctions. *See Dillon v. Champions' BBQ, Inc.*, No. 807CV544T23MAP, 2008 WL 186528, at *1 (M.D. Fla. Jan. 18, 2008).

Sanctions are unwarranted. First, the public did not view the document before the Court placed a provisional seal on it. (Doc. 150.) And second, based on the information presented, the Court cannot say that Warrington willfully violated Local Rule 1.11(d) such that sanctions are due. There is an argument to be made that the information in the document does not qualify as confidential under the parties' protective order.

One final point. Discovery disputes have abounded here. And this is not the first time the Court has considered sanctions in this context. (*See* Docs. 75, 112, 156.) Many of these disputes can be avoided if the parties work together

to resolve their disagreements professionally. The Court expects collegiality in the future.

Accordingly, it is now **ORDERED**:

Defendants' Motion to Enforce Protective Order and Local Rule 1.11(d), to Strike Filing or to Maintain Sealing, and for Sanctions. (Doc. 153) is **GRANTED IN PART AND DENIED IN PART**. The request to strike is **granted** and the Clerk is directed to **strike** Doc. 150 and remove the filing from the docket. The request to maintain the sealing and for sanctions is **denied**.

**ORDERED** in Fort Myers, Florida this November 20, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

4