UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRAD WARRINGTON,

     Plaintiff,

v.                          Case No.:  2:22-cv-77-JES-KCD

RAKESH PATEL and ROCKY
PATEL PREMIUM CIGARS, INC.,

     Defendants.

_____/

## ORDER

This matter was previously before the Court for oral argument on Defendant Rakesh Patel's Motion to Compel. (Doc. 128, Doc. 154.)[1] The Court ruled from the bench after the hearing with one exception. It took under advisement Patel's request to compel production of a PowerPoint presentation prepared by Plaintiff's expert and shown during a settlement conference. (*See* Doc. 156.) Having further considered the matter, the Court now denies Patel's request for the PowerPoint and related materials.

### I. Background

Plaintiff Brad Warrington is a minority shareholder in Rocky Patel Premium Cigars, Inc. Patel is the majority shareholder. Sometime in 2015,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Warrington tried to sell his shares. This led to a dispute about the company's value and allegations of "wrongdoing and mismanagement." (Doc. 1 ¶ 77.) Warrington now sues Patel for "continually breach[ing] his fiduciary duties to act in good faith and in the corporation's best interests by engaging in self-dealing and other actions which prioritized his personal wealth over that of the corporation." (*Id.* ¶ 88.)

This case has been contentious. Once the parties stopped fighting about the pleadings, they turned to fighting about discovery. (*See* Doc. 13, Doc. 45, Doc. 46, Doc. 128, Doc. 131.) During one of the many discovery disputes, the Court urged settlement discussions and offered its courtroom. The parties agreed and scheduled a settlement conference.

Fast-forward to April 2023 when the parties converged on the courthouse. Prior to arrival, Warrington's counsel confirmed through email that the meeting would be "without prejudice" and no one would make a record of the proceedings. Patel's attorney agreed. (Doc. 154-1.) The settlement conference did not have its intended effect. Rather than resolving the case, it spawned the current discovery dispute.

Warrington's legal team gave a PowerPoint presentation during the settlement conference. The Court has not seen it, but as described by the parties, the slides outlined financial transactions between Patel and the

company that Warrington believes were improper. Counsel prepared the PowerPoint with the aid of an accounting expert, Stephen Grossman.

Patel then requested a copy of the PowerPoint and "complete expert file of Stephen Grossman." (Doc. 128-2 at 3.) Warrington objected, claiming Grossman's file (including the PowerPoint) is "protected by the work-product doctrine." (*Id.* at 4.) Warrington agreed to produce Grossman's work if he was later designated as a testifying expert.

Patel now moves the Court to compel production of the PowerPoint and any documents Grossman "relied on in compiling and creating said presentation." (Doc. 128 at 7.) He argues that Warrington waived any privilege attached to Grossman's records when he disclosed the PowerPoint during the settlement conference. According to Patel, "[d]isclosure to an adversary waives the work product protection as to items actually disclosed, even where disclosure occurs in settlement." (*Id.* at 6.)

## II. Discussion

Grossman has not been disclosed as a testifying expert under Fed. R. Civ. P. 26. As such, his opinions and work-product are protected from disclosure. *See, e.g.*, *Kaleta v. City of Holmes Beach*, No. 8:22-CV-2472-CEH-JSS, 2023 WL 4549610, at *3 (M.D. Fla. July 14, 2023). Materials compiled by an attorney are similarly protected. *See Johnson v. Gross*, 611 F. App'x 544,

547 (11th Cir. 2015). Typically, then, the PowerPoint would stay shielded even against Patel's request.

But the facts here are not typical. The work-product privilege depends on secrecy. *See Stern v. O'Quinn*, 253 F.R.D. 663, 681 (S.D. Fla. 2008) ("The purpose of the work product doctrine is to protect information against opposing parties, rather than against all others outside a particular confidential relationship, in order to encourage effective trial preparation[.]"). So when work product is willingly disclosed to an adversary, as occurred here, the privilege is waived "as to that information." *Chick-fil-A v. ExxonMobil Corp.*, No. 08-61422-CIV, 2009 WL 3763032, at *3 (S.D. Fla. Nov. 10, 2009).

To avoid this result, Warrington asks the Court to recognize "a settlement privilege" that protects "settlement communications from production or admission in court." (Doc. 136 at 7.) Thus, because the PowerPoint was disclosed during a settlement conference, it should be "protected on the basis of settlement privilege and in the interest of promoting efficient settlements." (*Id.*)

The Eleventh Circuit has never endorsed a settlement privilege. *See Townhouse Rest. of Oviedo, Inc. v. NuCO2, LLC*, No. 19-14085-CIV, 2020 WL 4923732, at *4 (S.D. Fla. June 24, 2020). And the Court need not do so now. Regardless of any privilege that may (or may not) attach during settlement negotiations, the Court declines to compel production of the PowerPoint and

related records because the parties agreed to secrecy as a condition of their meeting. This is plain from the email Warrington sent to defense counsel. The Court also presumed that the settlement conference would remain confidential when it offered use of the courtroom. Against this backdrop, Patel must now adhere to the bargain. *See* Local Rule 3.05; *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (instructing federal courts "not hesitate to exercise appropriate control over the discovery process").

Warrington did exactly what is urged during settlement negotiations. He laid his case on the table to foster compromise. Considering everyone believed the settlement conference would be conducted "without prejudice," it would be unfair to now pull the rug out from under Warrington and force disclosure of what he presented. *See United States v. Cuya*, 964 F.3d 969, 970 (11th Cir. 2020) ("The district court has broad discretion to compel or deny discovery[.]"). Accordingly, Patel's motion to compel directed at Request No. 7 is **DENIED.**

**ORDERED** in Fort Myers, Florida this November 17, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record