UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRAD WARRINGTON,

    Plaintiff,

v.                        Case No.:  2:22-cv-77-JES-KCD

RAKESH PATEL and ROCKY
PATEL PREMIUM CIGARS, INC.,

    Defendants.
_____/

## ORDER

This matter was previously before the Court for oral argument on Defendant Rocky Patel Premium Cigars, Inc.'s motion to compel. (Doc. 215, Doc. 194.)[1] The Court ruled from the bench after the hearing with one exception. It took under advisement Patel Cigars' request to compel production of a PowerPoint presentation prepared by Plaintiff's expert and shown during a settlement conference. (*See* Doc. 215.) Having further considered the issue, the Court will require disclosure of the PowerPoint presentation.

### I. Background

Plaintiff Brad Warrington is a minority shareholder in Rocky Patel Premium Cigars, Inc. Sometime in 2015, Warrington tried to sell his shares.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

This led to a dispute about the company's value and allegations of "wrongdoing and mismanagement." (Doc. 1 ¶ 77.)

Warrington now sues Patel Cigars and its majority owner, Defendant Rocky Patel, for "continually breach[ing] his fiduciary duties to act in good faith and in the corporation's best interests by engaging in self-dealing and other actions which prioritized his personal wealth over that of the corporation." (*Id.* ¶ 88.) Patel Cigars, in turn, has filed a counterclaim against Warrington. The counterclaim alleges Warrington "breached his fiduciary duty to the Company by threatening to release information damaging to the Company and its reputation, solely in order to enhance leverage for a[n] outsized purchase of his minority position." (Doc. 170 at 14, Doc. 194 at 7.)

This case has been contentious. Once the parties stopped fighting about the pleadings, they turned to fighting about discovery. (*See* Doc. 13, Doc. 45, Doc. 46, Doc. 128, Doc. 131.) During one of the many discovery disputes, the Court urged settlement discussions and offered its courtroom. The parties agreed and scheduled a settlement conference.

The Court's offer backfired. Rather than resolving the case, the settlement conference spawned the current discovery dispute. Warrington's legal team gave a PowerPoint presentation during the settlement conference. According to the parties, the slides outline various financial transactions between Patel and the company that Warrington believes were improper.

2

Defense counsel also claims the PowerPoint included threats of extortion. (*See* Doc. 194 at 8 ("Plaintiff through his counsel threatened to reveal all these damaging allegations to the public, to provide the allegations to law enforcement and prosecutors, and to file a Bar grievance against then-counsel for the Company.").) Warrington's counsel prepared the PowerPoint with the aid of a financial expert, Stephen Grossman.

Following the settlement conference, Patel Cigars propounded discovery seeking "[a]ll Documents relating to the presentation given by Stephen Grossman . . ., including the presentation slides." (Doc. 194-2 at 8.) Warrington objected, claiming Grossman's file is "protected by the work-product privilege doctrine." (*Id.*)

Patel Cigars now moves the Court to compel production of the PowerPoint. (Doc. 194.)[2] It argues the "presentation slides provide contemporaneous evidence of the facts underlying the Company's breach of fiduciary duty counterclaim." (*Id.* at 9.) Specifically, "a shareholder's threat to embarrass and damage the Company unless an outsized payday is delivered is flatly inconsistent with that shareholder's fiduciary duty to the company." (*Id.* at 8-9.)

---

[2] The motion to compel contains no argument about any documents beyond the PowerPoint presentation. Accordingly, the Court addresses only "the presentation slides" sought (Doc. 194 at 9) and will consider the rest of the discovery request abandoned. *See, e.g., Alexander v. Certegy Check Servs., Inc.*, No. CIVA 2:05CV449-MHT, 2006 WL 1515841, at *2 n.1 (M.D. Ala. May 30, 2006).

## II. Discussion

Warrington presses several arguments against the motion to compel. First, he claims Grossman's PowerPoint "is primarily protected by the work-product privilege." (Doc. 201 at 10.) The Court disagrees.

Grossman has not been disclosed as a testifying expert under Fed. R. Civ. P. 26. As a result, his opinions and work-product are protected from disclosure. *See, e.g.*, *Kaleta v. City of Holmes Beach*, No. 8:22-CV-2472-CEH-JSS, 2023 WL 4549610, at *3 (M.D. Fla. July 14, 2023). Materials compiled by an attorney are similarly protected. *See Johnson v. Gross*, 611 F. App'x 544, 547 (11th Cir. 2015). Typically, then, the PowerPoint would stay shielded even against the pending discovery request.

But the facts here are not typical. The work-product privilege depends on secrecy. *See Stern v. O'Quinn*, 253 F.R.D. 663, 681 (S.D. Fla. 2008) ("The purpose of the work product doctrine is to protect information against opposing parties, rather than against all others outside a particular confidential relationship, in order to encourage effective trial preparation[.]"). So when work product is willingly revealed to an adversary, as here, the privilege is waived "as to that information." *Chick-fil-A v. ExxonMobil Corp.*, No. 08-61422-CIV, 2009 WL 3763032, at *3 (S.D. Fla. Nov. 10, 2009).

Warrington suggests the PowerPoint should remain confidential because it was disclosed during a settlement conference. But the Eleventh Circuit has

never endorsed a settlement privilege. *See, e.g.*, *Amerisure Ins. Co. v. Auchter Co.*, No. 3:16-CV-407-J-39JRK, 2017 WL 3712917, at *2 (M.D. Fla. July 7, 2017). And the Court declines to invent such an exception now. *See Doe No. 1 v. United States*, 749 F.3d 999, 1009 (11th Cir. 2014). Warrington either knew or should have known what would happen when the PowerPoint was shown to his adversaries. The Court "cannot put that toothpaste back in the tube." *Midwest Inst. of Health, PLLC v. Whitmer*, No. 20-1611, 2022 WL 304954, at *3 (6th Cir. Feb. 2, 2022).

Second, Warrington claims the PowerPoint "is not relevant." (Doc. 201 at 10.) According to Warrington, his actions during the settlement conference are afforded absolute immunity under Florida's litigation privilege. (Doc. 218.) Thus, contrary to Defendants' assertion, the PowerPoint cannot be used to support the counterclaim for breach of fiduciary. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1275 (11th Cir. 2004) ("Florida's litigation privilege applies to the state-law claims adjudicated in federal court.").

To begin, this argument is procedurally barred. Warrington did not assert a relevancy objection in response to Patel Cigars' discovery request. Nor did he raise the litigation privilege. (*See* Doc. 194-2 at 8.) "The failure to raise an objection constitutes waiver even where an objection to the requested discovery would otherwise be proper." *Treminio v. Crowley Mar. Corp.*, No. 322CV00174CRKPDB, 2023 WL 8615135, at *3 (M.D. Fla. Dec. 13, 2023); *see*

5

*also Abruscato v. GEICO Gen. Ins. Co.*, No. 3:13-CV-962-J-39JBT, 2014 WL 12617735, at *1 (M.D. Fla. May 7, 2014) ("In general, objections not made in responses to discovery requests are normally waived.").

In any event, the Court is not convinced that Florida's litigation privilege categorically shields the PowerPoint. Florida recognizes two types of litigation privilege. The first is an absolute immunity for acts occurring during judicial proceedings. *See Arko Plumbing Corp. v. Rudd*, 230 So. 3d 520, 523-24 (Fla. Dist. Ct. App. 2017). An absolute privilege applies "[i]n . . . formalized judicial settings" because "the presence of safeguards facilitates and promotes an unimpeded speaking environment while protecting an individual from false or malicious statements[.]" *DelMonico v. Traynor*, 116 So. 3d 1205, 1217 (Fla. 2013); *see also Gursky Ragan, P.A. v. Ass'n of Poinciana Vills., Inc.*, 314 So. 3d 594, 595 (Fla. Dist. Ct. App. 2020). Thus, for example, there is absolute privilege for affidavits filed in court, *see Zuccarelli v. Barfield*, 165 So. 3d 830, 832 (Fla. Dist. Ct. App. 2015), and statements made during a deposition, *McCullough v. Kubiak*, 158 So. 3d 739, 740 (Fla. Dist. Ct. App. 2015).

Florida has otherwise endorsed a qualified privilege for conduct occurring outside judicial proceedings. *See DelMonico*, 116 So. 3d at 1218 (qualified privilege applied to statements made under oath to attorney outside of formal discovery). This privilege triggers if the conduct is merely "connected with or related to . . . the underlying lawsuit." *Id.* at 1219. In the

6

context of qualified privilege, "the burden [shifts to] . . . the [opposing party] to then prove the additional element of express malice" to overcome the privilege. *Id.* at 1208; *see, e.g.*, *Midland Nat. Life Ins. Co. v. Fredricksen*, No. 3:09CV198, 2009 WL 3710724, at *2 (N.D. Fla. Nov. 2, 2009) (recognizing that pre-suit communications subject to qualified rather than absolute privilege).

The Florida Supreme Court has never addressed whether statements during a settlement conference occur "during a judicial proceeding" and thus trigger absolute immunity, or if they fall into the qualified privilege bucket. And while the Eleventh Circuit has extended absolute immunity to settlement conferences, *Jackson*, 372 F.3d at 1274, its decision came before the Florida Supreme Court narrowed the absolute privilege to statements made within the confines of "judicial oversight." *DelMonico*, 116 So. 3d at 1217 (explaining that the full force of the privilege applies to statements "made either in front of a judicial officer or in pleadings or documents filed with the court or quasi-judicial body"). As other courts have since noted, "whether Florida's absolute litigation privilege applies to [conduct] during settlement discussions is fairly debatable." *O'Boyle v. Sweetapple*, No. 14-CV-81250-KAM, 2016 WL 9559959, at *3 (S.D. Fla. May 17, 2016). Given *DelMonico*'s holding that the absolute litigation privilege does not apply "where an attorney steps outside of both the courtroom and the formal discovery process," it's at least arguable that *Jackson* is no longer binding or correct. *Id.* at *2; *see also Braxton Techs., LLC v.*

7

*Ernandes*, No. 609CV804ORL28GJK, 2010 WL 11623673, at \*4 (M.D. Fla. Apr. 22, 2010) ("Florida courts have been reluctant to endorse a wholesale extension of the litigation privilege to those communications that have some relation to . . . litigation.").

At bottom, Florida law is unsettled on whether Warrington enjoys absolute immunity for his conduct during the settlement conference. And until that issue is decided (Florida's litigation privilege is an affirmative defense), the PowerPoint is relevant to a disputed defense and thus discoverable. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"). Indeed, considering courts scrutinize a host of factors to determine whether a qualified or absolute privilege applies, discovery of the PowerPoint would seem essential for the parties to present this issue on the merits. *See Diamond Resorts Int'l, Inc. v. Aaronson*, 371 F. Supp. 3d 1088, 1110-13 (M.D. Fla. 2019) (declining to apply litigation privilege at summary judgment and explaining "[t]he availability of the privilege will need to be determined at trial on the specific circumstances of the statements"). Also, in the context of qualified privilege, "the burden [shifts to] . . . the [opponent] to then prove the additional element of express malice." *DelMonico*, 116 So. 3d at 1219. Since Patel Cigars may ultimately need to prove malice in arguing against the litigation privilege, it's only fair that the company have the PowerPoint presentation.

8

One last issue. What happened during the settlement conference has been litigated before. Patel moved to compel production of the PowerPoint months ago, which the Court denied because the parties had "agreed to secrecy as a condition of their meeting." (Doc. 162 at 5.) The Court also presumed the settlement conference would remain confidential. Thus, "it would be unfair to . . . pull the rug out from under Warrington and force disclosure of what he presented." (*Id.*)

But the Court's earlier ruling came before the PowerPoint was tied to Patel Cigars' counterclaim. And even if the parties had agreed to secrecy, the Court declines to extend that agreement to shield the tortious conduct now alleged. *See United States v. Cuya*, 964 F.3d 969, 970 (11th Cir. 2020) ("The district court has broad discretion to compel or deny discovery[.]"); *cf. Cooper v. Austin*, 750 So. 2d 711 (Fla. Dist. Ct. App. 2000).

Accordingly, Defendant Rocky Patel Premium Cigars, Inc.'s motion to compel directed at Request No. 29 (Doc. 194) is **GRANTED**. Within seven days of this Order, Warrington must provide an electronic copy of the PowerPoint presentation to defense counsel in native format with metadata preserved.

**ORDERED** in Fort Myers, Florida on February 26, 2024.

Kyle C. Dudek
United States Magistrate Judge

9