UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRAD WARRINGTON,

    Plaintiff,

v.                          Case No.: 2:22-cv-77-JES-KCD

RAKESH PATEL and ROCKY
PATEL PREMIUM CIGARS, INC.,

    Defendants.
_____/

## ORDER

Before the Court is Defendant Rocky Patel Premium Cigars, Inc.'s Motion for Rule 37 Sanctions. (Doc. 230.)[1] Plaintiff Brad Warrington responded in opposition (Doc. 237), making this matter ripe. For the reasons below, the motion is granted in part and denied in part.

### I. Background

Warrington is a minority shareholder in Patel Cigars. Several years ago, he tried to sell his shares. This led to a dispute about the company's value and allegations of "wrongdoing and mismanagement." (Doc. 1 ¶ 77.)

Warrington now sues Patel Cigars and its majority owner, Defendant Rocky Patel. The complaint contains a host of claims, but relevant here,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Warrington alleges the company breached its shareholder agreement by refusing "to provide a virtual data room for due diligence and refus[ing] to provide the shares or share certificate to [his] proposed buyer [Whitefish Bay SPV]." (*Id.* ¶ 40.)

As part of its discovery efforts, Patel Cigars requested information from Warrington about Whitefish Bay, its members, and his relationship with them. (*See* Docs. 194-2, 194-3.) Patel Cigars claims that the offer from Whitefish Bay "was not a bona fide, arms-length offer" but instead "manufactured by [Warrington] . . . in an effort to artificially inflate the value of [his] shares." (Doc. 230 at 1, 17.) Warrington objected to the discovery on relevancy grounds. The Court overruled Warrington's objections and ordered him to produce responsive records within fourteen days. (Doc. 215.)

Having prevailed on its motion to compel, Patel Cigars sought sanctions under Fed. R. Civ. P. 37. The Court declined to award such relief but did so without prejudice. Patel Cigars was invited to "come back" if the evidence established "some link between Warrington and Whitefish, that this was [a] stalking horse [offer], as you allege that it was, then I'll reconsider their objections on the basis that they raised them and whether to award fees." (Doc. 217 at 31.)

Patel Cigars is now back asking for sanctions under Rule 37. First, it claims to have evidence "that members of Whitefish Bay are longtime business

2

associates of [Warrington's] attorney." (Doc. 230 at 2.) Thus, Warrington's relevancy objections were unreasonable from the start and sanctionable. Second, according to Patel Cigars, Warrington has violated the Court's order by not producing responsive documents.

## II. Discussion

The Court will not issue sanctions based on Warrington's prior discovery responses. When a motion to compel is granted in part and denied in part, as here, "the court *may* . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(c) (emphasis added). "Rule 37(a)(5)(C) affords district courts discretion in deciding whether to award reasonable expenses, including attorney's fees." *Goetz v. Maximus Fed. Servs., Inc.*, No. 5:23-CV-46-MCR/MJ, 2023 WL 8183827, at *8 (N.D. Fla. July 5, 2023). For the reasons already explained, Warrington had a plausible (although misguided) basis for his relevancy objections. Thus, "the Court deems cost-shifting in the instant matter unwarranted." *McPherson v. Fla. Dep't of Corr.*, No. 4:19CV156-MW/MJF, 2020 WL 7017382, at *4 (N.D. Fla. May 15, 2020).

The new evidence from Patel Cigars does not move the needle. At best, Patel Cigars has shown a connection between Warrington's attorney and Whitefish Bay. But that in no way proves the purchase offer was manufactured or even creates such an implication. An equally plausible (and equally

3

reasonable) explanation is that Warrington was introduced to Whitefish Bay by his lawyer.

The Court will, however, sanction Warrington for violating its discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders."). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and ensure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). The violation need not be willful or in bad faith unless the court "imposes the most severe sanction—default or dismissal." *Coquina Invs. v. TD Bank, N.A.*, 760 F.3d 1300, 1319 (11th Cir. 2014).

Warrington claims he "made every effort to search for documents ordered by this Court." (Doc. 237 at 7.) But in the same breath, Warrington admits that responsive documents "may be in his residence in Montana." (*Id.*) And elsewhere, he says his search will continue "as he is currently traveling." (*Id.*) Participation in discovery is mandatory, not optional. Warrington was ordered to update his discovery responses and provide materials within fourteen days, not when he felt like it or after traveling.

The limited information Warrington has disclosed also belies his claim of "good faith." (Doc. 237 at 8.) Warrington was ordered to produce all documents and communications "relating to Whitefish Bay SPV's actual or

potential purchase of YOUR shares in the Company." (Doc. 194-2 at 4.) Yet Warrington has apparently produced only a single document. (*See* Doc. 230 at 2.) It defies logic to believe there are no other materials from the attempted sale to Whitefish Bay, which had a reported price tag of $7.59 million. For instance, what about the "signed promissory note from Whitefish Bay" that Warrington claimed to have in a 2021 letter to the company? (*See* Doc. 230-8.)

The Court is satisfied Warrington did not produce all responsive materials as ordered. "As such, the imposition of sanctions . . . is warranted." *Wyndham Vacation Ownership, Inc. v. Montgomery L. Firm, LLC*, No. 8:19-CV-1895-T-36CPT, 2020 WL 3512121, at *3 (M.D. Fla. June 29, 2020). Various sanctions are available under Rule 37, including dismissing the case, entering a default judgment, or treating the party's actions as contempt. "In the end, the Court has substantial discretion in deciding whether and how to impose . . . Rule 37." *Id.* at *2.

Patel Cigars seeks a severe sanction—"striking the allegations from the Complaint as they relate to Whitefish Bay." (Doc. 230 at 25.) That is too much. Striking a claim or defense, "like the decision to enter a default judgment, [is] a last resort." *Crum v. Resolute Forest Prods.*, No. 1:20-CV-00550-ACA, 2021 WL 1597908, at *2 (N.D. Ala. Apr. 23, 2021). "It is axiomatic that the magnitude of the sanctions must be reasonable in light of the circumstances." *Wyndham Vacation Ownership, Inc.*, 2020 WL 3512121, at *2. And it is an

5

abuse of discretion to strike a claim where "lesser sanctions would suffice." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986).

Warrington's conduct has impeded discovery and the orderly disposition of this action. Still, any prejudice to Patel Cigars can be tempered by extending discovery and requiring Warrington to finish searching for responsive materials. Since Patel Cigars has not shown prejudice so severe that it would be unfair to proceed, an order striking Warrington's allegations is inappropriate. *See Wallace v. Superclubs Props., Ltd.*, No. 08-61437-CIV, 2009 WL 2461775, at *5 (S.D. Fla. Aug. 10, 2009) ("[I]n fashioning sanctions, courts should ensure that the sanctions are just and proportionate to the offense.").

Considering Warrington's conduct and the contentious history of this case, the Court finds a monetary sanction more appropriate. Warrington must "pay the reasonable expenses, including attorney's fees," incurred by Patel Cigars in filing the instant motion. Fed. R. Civ. P. 37(b)(2)(C). This will compensate Patel Cigars for its time while promoting future discovery compliance. The Court will also order Warrington to finish searching for responsive materials *and provide complete discovery responses within ten days of this order*.

One last issue. The parties' briefing has revealed some confusion about the Court's prior ruling concerning Interrogatory No. 4. (Doc. 230 at 21, Doc.

6

237 at 5-6.) Let's clear that up now. Here is what Warrington must answer from Interrogatory No. 4:

> ~~Describe the negotiations to sell YOUR shares in the Company to Whitefish Bay SPV, including~~ how the opportunity arose or was presented to YOU, the Person who introduced YOU to Whitefish Bay SPV, which member(s) of Whitefish Bay SPV participated in the negotiations, any presentations, proposals, term sheets, offers or counteroffers exchanged between Whitefish Bay SPV and YOU, why the alleged failure to provide due diligence materials caused Whitefish Bay SPV to reduce the number of shares it was willing to buy, and the status of the sale following the execution of the Stock Purchase Agreement.

Accordingly, it is now **ORDERED**[2]:

1. Defendant Rocky Patel Premium Cigars, Inc.'s Motion for Rule 37 Sanctions (Doc. 230) is **GRANTED IN PART AND DENIED IN PART;**

2. Warrington must pay the reasonable expenses, including attorney's fees, incurred by Patel Cigars in filing Doc. 230;

3. Within fourteen days of this order, the parties must meet and confer about the expenses Patel Cigars reasonably incurred. If the parties cannot reach an agreement on a fee award, Patel Cigars must submit a motion, which includes necessary supporting documents, detailing its reasonable expenses and fees if it wishes to pursue such relief;

---

[2] "[M]agistrate judges have jurisdiction to enter sanctions orders for discovery failures that do not strike claims, completely preclude defenses, or generate litigation-ending consequences." *Collar v. Abalux, Inc.*, No. 16-20872-CIV, 2018 WL 3328682, at *13 (S.D. Fla. July 5, 2018).

4. Warrington must finish searching for responsive materials and provide complete responses to the discovery requests previously ordered (Doc. 215) within ten days of this order;

5. Warrington must amend his response to Interrogatory No. 4 to answer the above questions within ten days of this order.

**ENTERED** in Fort Myers, Florida on May 1, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

8