```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

BRAD WARRINGTON,

    Plaintiff,

v.                                  Case No: 2:22-cv-77-JES-KCD

RAKESH PATEL and ROCKY PATEL
PREMIUM CIGARS, INC.,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Objections to May 1, 2024 Order and Motion for Reconsideration (Doc. #253) filed on May 15, 2024. Defendant Rocky Patel Premium Cigars, Inc. filed a Response (Doc. #256) on May 29, 2024, and on June 17, 2024, plaintiff filed a Reply (Doc. #265).

On December 22, 2023, defendant filed a Motion to Compel (Doc. #194) seeking documents responsive to Requests for Production (12, 15-18, 21, and 29) and to answer Interrogatory Nos. 3 and 4. (Doc. #194-2 at 5-7.)  In response to defendant's First Set of Interrogatories (Doc. #194-3), plaintiff objected based on relevance. (Doc. #194-3 at 3-4.)  On January 19, 2024, after oral arguments, the Magistrate Judge issued an Order (Doc. #215) granting in part defendant's Motion to Compel (Doc. #194), overruling plaintiff's objections, and directing plaintiff to

respond to requests to produce ## 13, 15, 16, 17, 18, and interrogatory #3. Responses were due within 14 days.

On February 15, 2024, defendant filed a Motion for Rule 37 Sanctions (Doc. #230) noting that plaintiff stated that he would look for documents when he returns to his home in Montana at an undisclosed future date. (Id. at 20.) Defendant argued "[t]o date, the Plaintiff has not produced in discovery ***a single document*** in response to the Company's Requests relating to Whitefish Bay. Instead, the Plaintiff has consistently taken the position that the only relevant document is the Stock Purchase Agreement for a fraction of the Plaintiff's shares, which was originally sent to the Company on October 15, 2021. In addition, the Plaintiff has only now represented for the first time that ***he has no other documents*** relating to Whitefish Bay SPV or any of its members." (Id. at 22) (emphasis in original). In response, plaintiff argued that it objected reasonably on the basis of relevance, and that he did not violate the Court's January 19, 2024 Order. "Warrington has responded to the best of his ability and knowledge to Patel Cigars' discovery requests and has made every effort to search for documents ordered by this Court. In fact, his search will continue as he attempts to locate information regarding Whitefish Bay SPV, including a promissory note and proof of deposit. These documents are not within Warrington's possession currently, but may be in

his residence in Montana." (Doc. #237 at 7.) The discovery deadline was extended to September 30, 2024. (Doc. #244.)

On May 1, 2024, the Magistrate Judge issued an Order (Doc. #250) granting in part and denying in part defendant Rocky Patel Premium Cigars, Inc.'s Motion for Rule 37 Sanctions (Doc. #230). Plaintiff asserted that it had a proposed buyer, Whitefish Bay SPV, and defendant requested information about the company as part of discovery because it asserted that the offer was not a bona fide arms-length offer. The Magistrate Judge overruled objections and ordered production. Sanctions were denied at the time but without prejudice if defendant could provide evidence.

Defendant returned to the court claiming to have evidence that members of Whitefish Bay were longtime business associates of plaintiff's attorney and argued that relevancy objections were not substantially justified. (Doc. #230.) Further, defendant argued that plaintiff had not produced responsive documents. The Magistrate Judge declined to sanction plaintiff based on the new evidence because "[a]t best, Patel Cigars has shown a connection between Warrington's attorney and Whitefish Bay." (Doc. #250, p. 3.) The Magistrate Judge did however find that sanctions were appropriate for failure to update his discovery responses within the time provided and "not when he felt like it or after traveling" because participation in discovery was not optional. (Id. at 4.) "Warrington's conduct has impeded discovery and the orderly

disposition of this action. Still, any prejudice to Patel Cigars can be tempered by extending discovery and requiring Warrington to finish searching for responsive materials. Since Patel Cigars has not shown prejudice so severe that it would be unfair to proceed, an order striking Warrington's allegations is inappropriate." (Id. at 6.)

Nonetheless, the Magistrate Judge found that a monetary sanction was more appropriate with plaintiff to finish searching for response materials to provide them within 10 days. In this case, plaintiff has filed objection and seeks reconsideration. In the reply, plaintiff states that his Montana home is winterized so no one could access it, he left the country after he had "lodged reasonable and justified objections", and by the time defendant moved to compel plaintiff could not access any documents physically or electronically. In the attached Declaration (Doc. #265-1), plaintiff states that he has arrived back to his home in Montana and has started the search for responsive documents. Plaintiff also states that he will produce the documents by June 21, 2024.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider or review the Magistrate Judge's Order on a pretrial matter if shown that it was clearly erroneous or contrary to law. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). See also Fed. R. Civ. P. 72. In light of the new information and

position of plaintiff stated in the reply, the objections will be overruled as premature so the Magistrate Court can consider the motion for reconsideration portion of the motion.

Accordingly, it is now

**ORDERED**:

Plaintiff's Objections to May 1, 2024 Order (Doc. #253) are **overruled as premature** without prejudice in light of the included Motion for Reconsideration (Doc. #253) which will be considered by the Magistrate Judge.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of June 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record