UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRAD WARRINGTON,

    Plaintiff,

v.   Case No.:  2:22-cv-77-JES-KCD

RAKESH PATEL and ROCKY
PATEL PREMIUM CIGARS, INC.,

    Defendants.
_____/

## **ORDER**

The Court previously issued a discovery order that sanctioned Plaintiff Brad Warrington under Fed. R. Civ. P. 37. (Doc. 250.)[1] Warrington has filed objections and also asks for reconsideration. (Doc. 253.) The latter request is now before the undersigned. (*See* Doc. 271 at 4-5.)

Reconsideration of an order is an extraordinary remedy to be used sparingly. It is not meant as an opportunity to simply reargue—or argue for the first time—an issue that has already been determined. *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006). Court opinions "are not . . . mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.*

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

We start with the low-hanging fruit. Warrington argues that sanctions were inappropriate because "Patel Cigars did not demonstrate prejudice." (Doc. 253 at 4.) But prejudice is not required to impose monetary sanctions under Rule 37(b)(2)(C). *See Jacobi v. Experian Info. Sols., Inc.*, No. 20-CV-60591, 2021 WL 8894465, at *2 (S.D. Fla. Aug. 20, 2021).

Moving on, Warrington argues that his conduct was in "good faith" because "[h]is inability to produce documents . . . was driven by impossibility, not out of a desire to delay, impede, or opt out of discovery." (Doc. 253 at 4.) The "impossibility" apparently being Warrington's overseas travel. (*Id.*) The problem with these arguments is simple—*they were not raised in response to the motion to compel*. (*See* Doc. 237.) "The reconsideration device is not designed to permit losing parties to prop up arguments previously made or to inject new ones, nor to relieve a party of the consequences of its original, limited presentation." *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 694 (S.D. Fla. 2013); *Cf. Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981).

Along the same lines, Warrington claims that his "noncompliance was substantially justified" because "his failure to produce [was] a result of his inability to search his home in Montana." (Doc. 253 at 8.) But again, *these are new arguments*. (*Compare* Doc. 237, *with* Doc. 253.) "[A] motion for reconsideration isn't a blank slate to raise new arguments for the first time."

2

*Britt v. IEC Corp.*, No. 20-CV-60814, 2022 WL 3370216, at *8 (S.D. Fla. Aug. 16, 2022).

Reconsideration is meant "to correct clear error or prevent manifest injustice." *Kidwell v. Charlotte Cnty. Sch. Bd.*, No. 2:07-CV-13-FTM-34SPC, 2007 WL 9718741, at *3 (M.D. Fla. Nov. 30, 2007). Neither has been shown here. Instead, Warrington presses arguments that could have (and should have) been raised before. Accordingly, to the extent Warrington seeks reconsideration of the Court's order, his motion (Doc. 253) is **DENIED**.

**ORDERED** in Fort Myers, Florida on July 2, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record