UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRAD WARRINGTON,

    Plaintiff,

v.                                                              Case No.:  2:22-cv-77-JES-KCD

RAKESH PATEL and ROCKY
PATEL PREMIUM CIGARS, INC.,

    Defendants.
_____/

## ORDER

Defendant Rocky Patel Premium Cigars, Inc. has moved to impose discovery sanctions against Plaintiff Brad Warrington. (Doc. 239.) The motion focuses on a PowerPoint presentation the Court ordered Warrington to produce. That has not happened because, according to Warrington, his expert deleted the PowerPoint and there are no other copies. Defendant thus seeks sanctions under Rule 37 (for failure to comply with the Court's order) and spoilation (for losing the PowerPoint).

The Court cannot issue a ruling on the current record. Warrington has admittedly not complied with the Court's order to produce the PowerPoint. Thus, to avoid sanctions, he must now "prove that it was impossible to comply." *Broad. Music, Inc. v. Bourbon St. Station, Inc.*, No. 3:09-CV-468-J-25MCR, 2010 WL 1141584, at *2 (M.D. Fla. Mar. 23, 2010). This requires more than

"mere assetion[s] of inability." *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984). He must "satisfy his burden of production on the point by introducing evidence in support of his claim." *Id.* The present record lacks any detail about Warrington's efforts to comply with the Court's order. Warrington has filed affidavits from counsel and his expert, but they do little more than say the PowerPoint is unavailable and they looked through their files. To allow Warrington an opportunity to "satisfy his burden of production," the Court will schedule an evidentiary hearing. *Id.*

An evidentiary hearing is also needed on spoilation. Warrington was sent a preservation letter shortly after the PowerPoint was shown at the settlement conference. What actions were taken in response to the letter, and how the PowerPoint was lost, are issues the Court needs to resolve if it is determined that Warrington indeed had a duty to preserve such records. *See, e.g.*, *Waters v. AIG Claims, Inc.*, 608 F. Supp. 3d 1120, 1138 (M.D. Ala. 2022) ("Bad faith can be found when a party fails to preserve evidence that it knew or should have known was relevant to litigation.").

Accordingly, it is now **ORDERED**:

1. On or before July 12, 2024, the parties must contact the undersigned's courtroom deputy, Courtney Ward, and provide three available dates for an evidentiary hearing in August. Ms. Ward's email address is Courtney_Ward@flmd.uscourts.gov.

**ENTERED** in Fort Myers, Florida on July 3, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record