UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRAD WARRINGTON,

      Plaintiff,

v.                                   Case No.:  2:22-cv-77-JES-KCD

RAKESH PATEL and ROCKY
PATEL PREMIUM CIGARS, INC.,

      Defendants.

_____/

## ORDER

Plaintiff Brad Warrington is a minority shareholder in Rocky Patel Premium Cigars. In 2015, he tried to sell his shares. This led to a dispute about the company's value and allegations of "wrongdoing and mismanagement." (Doc. 1 ¶ 77.) Warrington now sues Patel Cigars and its majority owner, Rakesh Patel, for "continually breach[ing] his fiduciary duties to act in good faith and in the corporation's best interests by engaging in self-dealing and other actions which prioritized his personal wealth over that of the corporation." (*Id.* ¶ 88.) In short, Warrington accuses Patel of taking company assets for personal use.

The latest scheduling order requires Warrington to serve expert disclosures by July 8, 2024. (*See* Doc. 276.) Warrington now moves to continue

that deadline by 30 days beyond the production of financial documents and depositions. (Doc. 284 at 1.)

Naturally, financial documents have been integral to discovery. The instant motion involves Warrington's damages expert, James Feltman, who examined the value and earnings of Patel Cigars. Warrington says that although Feltman has produced a "preliminary report" (Doc. 284-2), he cannot complete his report because of Defendants' gamesmanship. That is, Defendants have not produced critical financial documents and withheld material until just days before Warrington's expert reports were due. Indeed, Feltman's report states, "This Report is not intended to represent a final work product [] but rather a placeholder requiring additional support and final opinions, after discovery is completed later as directed by the Court." (Doc. 284-2 at 3.) Defendants' expert disclosure deadline, in turn, is fast approaching, and discovery closes in early October.

Because Warrington seeks to modify the scheduling order, Federal Rule of Civil Procedure 16 governs. *See Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). It states: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In evaluating this rule, the touchstone is diligence. "Th[e] good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking

the extension." *Sosa*, 133 F.3d at 1418; *see also In re Deepwater Horizon Belo Cases*, No. 321CV00737MCRGRJ, 2022 WL 732246, at *3 (N.D. Fla. Mar. 10, 2022) ("When considering whether to extend or revive a court's scheduling order deadline, the Court applies the Rule 16 good cause standard, which requires a showing of diligence.").

Warrington argues more time is needed for its expert disclosure to accommodate further financial document production and depositions. Defendants respond that Warrington has not been diligent in seeking discovery—Warrington hasn't taken a single deposition and now seeks what is in essence a fourth extension of his expert disclosure deadline. Defendants also note that Warrington is essentially seeking an indefinite extension of his expert deadline because it is based on documents that do not yet exist and depositions not yet noticed. (Doc. 288 at 9.)

District courts enjoy "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). Exercising this discretion, the Court finds Warrington has offered good cause for the relief requested. Warrington only recently obtained new counsel, and financial documents were recently produced and are still being compiled. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) ("This Circuit expresses

a strong preference that cases be heard on the merits and strive[s] to afford a litigant his or her day in court, if possible.").

Defendants' primary opposition is that an extension of the expert deadline will cause prejudice. (*See* Doc. 288 at 4-5 ("Defendants would face substantial prejudice if the Plaintiff were allowed a third opportunity to prepare and serve an expert report based on the litigation strategy of newly retained counsel."). But any prejudice can be cured by extending discovery and allowing time for Defendants to respond. And that's what the Court will do. But it stops here. Warrington must finalize the expert report and notice the depositions. The Court will not hold discovery open indefinitely because Defendants, as an operating business, will always have new financials to report. In short, **no further extensions will be entertained**.

Accordingly, it is **ORDERED**:

1.     Plaintiff's Motion to Modify Case Management Order to Establish a Deadline for Plaintiff to File a Supplemental Expert Report. (Doc. 284) is **GRANTED** as set forth below. The motion is denied to the extent it seeks any further or different relief.

2.     The deadline for Warrington to disclose any expert testimony is accordance with Rule 26 is extended to October 1, 2024.

3.     A new scheduling order will follow that modifies the remaining deadlines.

4.     Plaintiff's Motion for Leave to Reply (Doc. 289) is **DENIED AS MOOT**.

**ENTERED** in Fort Myers, Florida on August 2, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record