UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRAD WARRINGTON,

      Plaintiff,

v.                           Case No.:  2:22-cv-77-JES-KCD

RAKESH PATEL and ROCKY
PATEL PREMIUM CIGARS, INC.,

      Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff Brad Warrington's motion for sanctions against Defendant Rocky Patel Premium Cigars, Inc. ("Patel Cigars") for failing to follow the Court's discovery order. (Doc. 319.)[1] Patel Cigars responded in opposition (Doc. 325), making this matter ripe. For the reasons below, the motion is denied.

## **I. Background**

This is a shareholder dispute in the discovery phase. Warrington and Defendant Rocky Patel began their business relationship in 1996. Once neighbors and close friends, Warrington supported Rocky's vision to start a

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

cigar company and partnered with him to do so. Warrington became a minority shareholder in Patel Cigars.

Fast forward to 2015, when Warrington sought to divest his holdings in the company. To do so, he had to comply with the terms of a buy-sell agreement, under which the company has the right of first refusal. Warrington began verbal discussions with Patel Cigars about selling his shares to the company, but they could not agree on a value. Warrington then asked for the company's financials, but it failed to respond. Thus, Warrington was allegedly forced to enter an agreement to sell only part of his shares at a discounted price.

Warrington claims Defendants purposefully withheld corporate records, concealed the true value of Patel Cigars, and did not comply with their obligations under the buy-sell agreement. This all resulted in Warrington's inability to value his company shares properly. The operative complaint contains a host of state-law claims from these general facts. (Doc. 1.)

In October, following oral argument, the Court ruled on a discovery dispute involving financial records from Patel Cigars. The Court ultimately found that Warrington was entitled to the company's general ledgers from 2022 and 2023, but the format of the ledgers, or what they would ultimately look like, was not discussed. (Doc. 313.) At the hearing, Patel Cigars and its expert warned that the ledgers contained a massive amount of data, but Warrington acknowledged the burden and was willing to accept it.

2

Following the hearing, Patel Cigars produced two Excel spreadsheets containing over one million financial transactions. Warrington (backed by a declaration from his expert) alleges that the spreadsheets are not general ledgers. Rather, they reflect a block of data (*i.e.*, a "data dump") in chronological order without the organization and structure of a general ledger, the standard components of which he lists in his motion. (Doc. 319 at 2-5; Doc. 319-1.) Because Patel Cigars has not produced the general ledgers, Warrington says that his expert must "re-engineer" the data and "re-construct" the ledgers. (Doc. 319 at 8.) According to Warrington, appropriate sanctions include an award of attorney fees, costs, and expenses; a daily monetary penalty until compliance; and an award of his expert's fees, costs, and expenses. (*Id.* at 11.)

In response, Patel Cigars says it has complied with the Court's order as supported by affidavits of its chief financial officer, the lawyer responsible for responding to the discovery requests, and the company's accountant. (Docs. 325-2, 325-3, 325-4.) They explain that the company's general ledger is maintained in its proprietary accounting system, which is restricted to company employees. (Doc. 325 at 6.) To allow for production of the general ledgers in a form that Warrington could be read, the company exported Excel workbooks of the general ledger entries from its accounting system. They also point out that neither Warrington's request nor this Court's order references the format that the general ledgers must be in. (Doc. 325 at 9.) Patel Cigars

argues that the general ledgers were produced as the company ordinarily maintains them in compliance with Federal Rule 34(b)(2)(E)(ii). Indeed, Patel Cigars provides its independent accounting firm with the same data in the same format to enable an annual preparation and review of the company's financial statements. (*Id.* at 7.)

## II. Legal Standard

Rule 37(b)(2)(C) provides the framework for awarding attorney's fees and costs for failure to obey a discovery order:

> *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C); *see also Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing Rule 37(b)(2)(C) and explaining that the "district court has broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants").

The party moving under Rule 37(b), as here, must first show that a court order has been violated. *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989). Sanctions are generally not warranted where a party has shown that it made all reasonable efforts to comply with the court's order. *Yellow Pages Photos, Inc. v. YP, LLC*, No. 8:17-CV-764-T-36JSS, 2019 WL 3817385, at

*2 (M.D. Fla. Aug. 14, 2019) (citing *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994)).

### III. Discussion

Based on the information presented, the Court cannot say that Patel Cigars failed to comply with the Court's discovery order. Patel Cigars says it has produced the financial data that makes up its general ledgers, explaining that it exports this information into Excel spreadsheets for review and preparation of the company's financial statements. The data is also in a reasonably usable form. As Warrington concedes, he can reconstruct a general ledger from the information Patel Cigars provided. (Doc. 319 at 8.)

The Court's order did not specify the format of production. And unfortunately, the parties did not drill down on the format at the hearing. Patel Cigars' counsel signaled that the production would be voluminous. (*See* Doc. 316 at 27:14-16 "3 years' worth of the company's general ledger[] amount[s] to over 2 million entries, the vast majority of which cannot reasonably be associated with [Plaintiff's claims]."). And Warrington did not balk at such a production. Instead, he acknowledged his willingness to take on the burden. (*Id.* at 36:9-11 ("[I]f [the general ledger] has 750,000 transactions, that's my burden. It's my problem. My team is going to look at that and find out what's relevant or not."); 42:22-23 ("We will take the burden of figuring out what is

what."); 51:9-11 ("We will bear the burden of looking through them, and then we will file a report.").

At bottom, Patel Cigars claims it has produced the general ledgers as they are maintained and can be produced. And the Court cannot compel the company to create documents not already in existence. Thus, to the extent Warrington believes the general ledgers should be provided in some other format, that is not something the Court will order. *See Kaplan v. Kaplan*, 2:10-CV-00237-CEH-SPC, 2010 WL 11474437, at *1 (M.D. Fla. Oct. 8, 2010) ("Rule 34 only requires production of documents already in existence.").

One final issue. Patel Cigars asks for its attorney's fees incurred in responding to Plaintiff's "frivolous" motion. That request is denied. There was a sufficient lack of mutual understanding between the parties and the Court on what a "general ledger" entailed to make an award of fees inappropriate.

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Sanctions (Doc. 319) is **DENIED**.

**ENTERED** in Fort Myers, Florida on December 11, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

6