UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRAD WARRINGTON,

    Plaintiff,

v.

RAKESH PATEL, ROCKY PATEL
PREMIUM CIGARS, INC.,

    Defendants,

Case No. 2:22-CV-77-JES-KCD

## ORDER

Before the Court is Defendant Rocky Patel Premium Cigars, Inc.'s Motion for Sanctions (Doc. 239) and Plaintiff Brad Warrington's response in opposition (Doc. 243).[1] The Court held an evidentiary hearing to address competing factual allegations (Doc. 298), which was followed by additional briefing (Docs. 307, 311). For the reasons below, Patel Cigars' motion is granted in part and denied in part.

### I. Background

Warrington is a minority shareholder in Patel Cigars. Sometime in 2015, Warrington tried to sell his shares. This led to a dispute about the company's value and allegations of "wrongdoing and mismanagement." (Doc. 1 ¶ 77.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Warrington now sues Patel Cigars and its majority owner, Defendant Rocky Patel, for "continually breach[ing] his fiduciary duties to act in good faith and in the corporation's best interests by engaging in self-dealing and other actions which prioritized his personal wealth over that of the corporation." (*Id.* ¶ 88.) Patel Cigars, in turn, has filed a counterclaim against Warrington. The counterclaim alleges Warrington "breached his fiduciary duty to the Company by threatening to release information damaging to the Company and its reputation, solely in order to enhance leverage for a[n] outsized purchase of his minority position." (Doc. 170 at 14, Doc. 194 at 7.)

This case has been contentious. Once the parties stopped fighting about the pleadings, they turned to fighting about discovery. (*See* Docs. 13, 45, 46, 128, 131.) During one of the many discovery disputes, the Court urged settlement discussions and offered its courtroom. The parties agreed and scheduled a settlement conference.

As the adage goes, no good deed goes unpunished. Rather than resolving the case, the settlement conference spawned the current dispute. Warrington's expert, Stephen Grossman, gave a PowerPoint presentation during the settlement conference. According to the parties, the slides outlined various financial transactions between Patel and the company that Warrington believes were improper. Defense counsel also claims the PowerPoint included threats of extortion. (*See* Doc. 194 at 8 ("Plaintiff through his counsel

threatened to reveal all these damaging allegations to the public, to provide the allegations to law enforcement and prosecutors, and to file a Bar grievance against then-counsel for the Company.").)

Within days of the settlement conference, Patel Cigars sent a preservation notice to Warrington. It instructed him (and counsel) "not to destroy any records or evidence of the meeting, including the PowerPoint presentation, notes, emails, correspondence, or any other documents, paper, or electronic, related to this matter." (Doc. 239 at 3.) Patel Cigars also propounded discovery seeking "[a]ll Documents relating to the presentation given by Stephen Grossman . . ., including the presentation slides." (Doc. 194-2 at 8.) Warrington objected, claiming Grossman's file was "protected by the work-product privilege doctrine." (*Id.*) After several hearings not particularly relevant here, the Court ordered "Warrington [to] provide an electronic copy of the PowerPoint presentation to defense counsel in native format with metadata preserved." (Doc. 236 at 9.)

Warrington did not deliver the PowerPoint. Instead, he produced affidavits from counsel and Grossman attesting that the PowerPoint slides were no longer in their possession. (*See* Docs. 239-2, 239-3.) That prompted Patel Cigars' current motion, which seeks sanctions under Rule 37 (for failure to comply with the Court's discovery order) and spoliation (for not preserving

3

the PowerPoint). Warrington responded that his expert deleted the PowerPoint and had no other copies. (*See* Doc. 243.)

The parties' briefing prompted an evidentiary hearing to determine, among other things, "Warrington's efforts to comply with the Court's [discovery] order," when the PowerPoint was deleted, and "[w]hat actions were taken in response to [Patel Cigars' preservation] letter." (Doc. 278 at 1-2.) Three witnesses testified at the hearing: Warrington, Frank Caruso (Warrington's attorney), and Edmond Koester (Patel's attorney). Their testimony is discussed where needed below.

## II. Discussion

Patel Cigars seeks sanctions under two theories: (1) Warrington violated the Court's discovery order by not producing the PowerPoint, and (2) he otherwise spoliated this electronically stored evidence. (Doc. 239 at 8-9.) Each argument is addressed below.

### A. Discovery Order Violation

Rule 37(b) of the Federal Rules of Civil Procedure "provides that a district court may impose sanctions for failure to comply with discovery orders." *H&R Block E. Enters., Inc. v. Chambers*, No. 1:06-CV-1330-CAP, 2007 WL 9710307, at *5 (N.D. Ga. Oct. 3, 2007). Sanctions available include involuntary dismissal, staying proceedings, designating facts or elements as undisputed, and precluding the introduction of evidence. *See* Fed. R. Civ. P.

4

37(b)(2)(A). Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and ensure the integrity of the discovery process. "The failure to comply with the Court's order need not be willful or in bad faith unless the court imposes the most severe sanction—default or dismissal." *CS Bus. Sys., Inc. v. Schar*, No. 5:17-CV-86-OC-PGBPRL, 2017 WL 9939116, at *1 (M.D. Fla. Sept. 5, 2017).

The party seeking sanctions must establish that the opponent violated a discovery order and that the requested sanctions are appropriate. "[T]he non-moving party must [then] prove that it was impossible to comply in order to avoid sanctions." *Broad. Music, Inc. v. Bourbon St. Station, Inc.*, No. 3:09-CV-468-J-25MCR, 2010 WL 1141584, at *2 (M.D. Fla. Mar. 23, 2010). "To succeed on this defense, however, the respondent must go beyond a mere assertion of inability and satisfy his burden of production on the point by introducing evidence in support of his claim." *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989). That is, the disobedient party must present evidence that it made all reasonable efforts to comply with the discovery order.

There is no dispute that Warrington failed to meet the Court's discovery order directing production of the PowerPoint. Thus, "it was [his] burden to introduce evidence not only that it was impossible to comply, but that he had made all reasonable efforts to comply." *Kleiman v. Wright*, No. 18-CV-80176, 2020 WL 113396, at *8 (S.D. Fla. Jan. 10, 2020).

The only evidence about what happened to the PowerPoint came from Warrington's attorney, Frank Caruso. He testified that their expert, Stephen Grossman, prepared the PowerPoint. (Doc. 307-1 at 19:10-14.) It was then displayed during the settlement conference from Grossman's computer. (*Id.* at 19:22-25.) At no point was a copy provided to Warrington or counsel. (*Id.* at 20:7-24.)

The Court first ordered Warrington to produce the PowerPoint in February 2024. Caruso contacted Grossman the next day, but Grossman said he deleted the PowerPoint almost immediately after the settlement conference. (*Id.* at 35:12-25.) Caruso asked Grossman to search his files, and Caruso did the same. (*Id.* at 29:6-14, 36:1-25.) No copy could be located. (*Id.* at 37:1-6.)

The Court finds this testimony insufficient to prove Warrington took all reasonable efforts to comply. The Eleventh Circuit "construe[s] this requirement strictly." *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 984 (11th Cir. 1986). "[T]hus even if the efforts made by defendants are substantial, diligent or in good faith, the fact that a defendant did not make all reasonable efforts to comply with the order" is dispositive. *United States v. D'Argenio*, 01-00010-CR, 2019 WL 297091, at *8 (S.D. Fla. Jan. 3, 2019).

*United States v. Hayes* is instructive of where this line has been drawn. 722 F.2d 723 (11th Cir. 1984). Hayes was ordered to produce information about a foreign partnership agreement. He certified that he made two trips to

6

Switzerland to obtain records from his partner, who refused him both times based on concern about a separate tax investigation. The Eleventh Circuit vacated the district court's denial of a contempt order because it believed that Hayes had not made all reasonable efforts to comply. While *Hayes* arose in a contempt posture rather than under Rule 37, the same standard applies. *See, e.g.*, *Gersh v. Anglin*, No. CV 17-50-M-DLC-KLD, 2021 WL 6808233, at *3 (D. Mont. Nov. 1, 2021) ("Civil contempt is established when a party disobeys a specific and definite court order by failure to take all reasonable steps within the party's power to comply.").

    Warrington's evidence is that his legal team looked for the PowerPoint and asked Grossman to do the same. The record is silent about what type of search was conducted or if efforts were taken to recover the deleted document. Without more, the Court cannot say Warrington undertook all reasonable efforts. His responsibilities surely go beyond a cursory search and pro forma demand to Grossman, yet that's all we have. *See, e.g.*, *Bank of Mongolia v. M&P Glob. Fin. Servs., Inc.*, No. 08-60623-CIV, 2009 WL 10682131, at *7 (S.D. Fla. Dec. 22, 2009) (findings the defendants' failure to search computers in foreign satellite offices "violated [their] duty to make all reasonable efforts to comply with the Court's Orders"); *Commodity Futures Trading Comm'n v. Gibraltar Monetary Corp.*, No. 04-80132-CIV, 2005 WL 8156108, at *2 (S.D. Fla. June 30, 2005) ("The non-moving party cannot prove impossibility to

7

comply with the discovery order through mere assertions."); *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 955 (N.D. Ill. 2021).

When there is a violation of Rule 37(b), as here, "the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). "This rule gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Patel Cigars seeks the ultimate relief: "dismissal of [Warrington's] claims, [and] a default judgment on its counterclaim." (Doc. 239 at 22.) That's not happening. To impose the extreme sanction of dismissing claims or entering judgment, the court must find "(1) a party's failure to comply with a court order is a result of willfulness or bad faith, and (2) . . . lesser sanctions would not suffice." *Goodman v. New Horizons Cmty. Serv. Bd.*, No. 05-14717, 2006 WL 940646, at *1 (11th Cir. Apr. 12, 2006). "[T]he drastic remedies of dismissal and entry of default judgment are to be used only as a last resort." *Siegmund v. Xuelian Bian*, No. 16-62506-CIV, 2019 WL 473739, at *3 (S.D. Fla. Feb. 6, 2019).

The Court is not convinced that the prejudice suffered by Patel Cigars is uncurable. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1375 (11th Cir. 1999) ("[W]here any other sanction would fail to cure the harm. . ., dismissal may be appropriate."). According to Patel Cigars, "spoliation of the PowerPoint

8

presentation has significantly prejudiced [its] ability to prosecute its counterclaim." (Doc. 239 at 22.) But several witnesses saw the PowerPoint and can testify about its contents. (*See* Doc. 307-1 at 126:1-128:7.) Warrington also has an earlier draft of the PowerPoint. (*Id.* at 47:14-16.) Although not a perfect substitute, this evidence allows Patel Cigars to advance its claim that the PowerPoint presentation was an "extortion attempt." (Doc. 307 at 16.) This is not a case where Patel Cigars is left in the dark and unable to move forward.

Dismissal is reserved for extreme cases, "such as where a party has willfully and wrongfully ignored court orders, intentionally impeded discovery to gain some perceived litigation advantage or otherwise made a conscious decision to obstruct the orderly processing of a case." *Knight v. Noriega*, No. 20-25053-CIV, 2023 WL 5595905, at *4 (S.D. Fla. Aug. 3, 2023). The only evidence before the Court is that Grossman independently deleted the PowerPoint shortly after leaving the settlement conference. Patel Cigars does its best to ascribe nefarious intent to his conduct, but the Court cannot reach that result through mere innuendo and assumptions. "[T]he ultimate sanction of default or dismissal requires a finding of bad faith on the part of the noncomplying party." *Kuhns v. Nick Panebianco, P.A.*, No. 13-60332-CIV, 2013 WL 12142358, at *2 (S.D. Fla. Oct. 25, 2013). There is insufficient evidence to conclude that Warrington (or his team) deleted the PowerPoint to obstruct this case. And while Warrington should have done more, he made some effort to

9

retrieve the PowerPoint in response to the Court's order. These facts do not meet the high bar needed for dismissal. *See Falcon Farms, Inc. v. R.D.P. Floral, Inc.*, No. 07-23077-CIV, 2008 WL 2950152, at *4 (S.D. Fla. July 31, 2008).

Alternatively, Patel Cigars seeks an adverse jury instruction. *See Hyundai Motor Am. Corp. v. EFN W. Palm Motor Sales, LLC*, 343 F.R.D. 230, 246 (S.D. Fla. 2022) ("An adverse inference makes a finding or imposes a rebuttable presumption that the missing evidence would have been unfavorable to the party engaging in the misconduct."). The Court agrees that a curative instruction permitting (but not requiring) the jury to infer that the PowerPoint would have been unfavorable to Warrington strikes the right balance. This will address the prejudice caused by the missing evidence while penalizing Warrington for not undertaking all reasonable efforts to secure the PowerPoint. *See, e.g.*, *Tynes v. Fla. Dep't of Juv. Just.*, No. 18-62891-CIV, 2021 WL 7084642, at *2 (S.D. Fla. July 20, 2021). The Court will consider the form and wording of the adverse instruction at the charge conference. Patel Cigars must submit suggested language with its proposed jury instructions.

Finally, the Court will not award Patel Cigars its attorney fees or expenses. When a party has breached a court order, as here, Rule 37(b)(2)(C) provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially

10

justified or other circumstances make an award of expenses unjust." Fed. R. Civ. 37(b)(2)(C). As mentioned, this is not a case where Warrington simply ignored the Court's order. He made reasonable (albeit insufficient) efforts to comply. Considering the sanction imposed above, further financial penalties are unnecessary. *See, e.g.*, *Saadi v. Pierre a Maroun & Maroun's Int'l, LLC*, No. 8:07-CV-1976-T-24JSS, 2021 WL 8650783, at \*2 (M.D. Fla. Jan. 25, 2021) (withholding sanctions under Rule 37(b)(2)(C) because the "Defendants demonstrated that they made reasonable efforts to comply with the Court's directives"); *Method Pharms., LLC v. H2-Pharma, LLC*, No. 2:20-CV-753-ECM, 2024 WL 3012789, at \*2 (M.D. Ala. June 14, 2024) (same).

### B. Spoliation

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "[F]ederal law governs the imposition of sanctions for spoliation." *Wilson v. Wal-Mart Stores, Inc.*, No. 5:07CV394-OC-10GRJ, 2008 WL 4642596, at \*2 (M.D. Fla. Oct. 17, 2008).

The parties agree that the PowerPoint presentation constitutes electronically stored information ("ESI"). Federal Rule of Civil Procedure 37(e) governs the procedures and sanctions available when a party spoliates ESI. *See Sosa v. Carnival Corp.*, No. 18-20957-CIV, 2018 WL 6335178, at \*9 (S.D.

11

Fla. Dec. 4, 2018). Under Rule 37(e), sanctions are available only if: (1) "electronically stored information that should have been preserved in the anticipation or conduct of litigation" was "lost because a party failed to take reasonable steps to preserve it," and (2) that information "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). In other words, the moving party must show that the information sought existed at a time when the respondent had a duty to preserve it. *Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1311 (11th Cir. 2023).

The Court is not entirely convinced that spoliation occurred here. A litigant is under no duty to retain every document in its possession. The obligation to preserve evidence arises when a party has notice the evidence is relevant to litigation or may be relevant to future litigation. *Matter of In re Skanska USA Civ. Se. Inc.*, 340 F.R.D. 180, 185 (N.D. Fla. 2021); *see also Advantor Sys. Corp. v. DRS Tech. Servs., Inc.*, No. 6:14-CV-533-ORL-31DA, 2015 WL 403308, at *6 (M.D. Fla. Jan. 28, 2015) ("[O]nce a complaint is filed, [a litigant] is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.").

The only evidence before the Court is that Grossman deleted the PowerPoint within a day of the settlement conference and before he received

the preservation letter from Patel Cigars. Considering the PowerPoint was prepared by a professed consulting expert and shared during a settlement conference, it's doubtful that Warrington had an immediate duty to preserve it. *See, e.g.*, *Kaleta v. City of Holmes Beach*, 682 F. Supp. 3d 1062, 1065 (M.D. Fla. 2023) ("[A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."); *Midland Nat. Life Ins. Co. v. Fredricksen*, No. 3:09CV198, 2009 WL 3710724, at *2 (N.D. Fla. Nov. 2, 2009) (noting Florida courts have applied a qualified litigation privilege for conduct occurring during settlement proceedings).

But even accepting there was spoliation, the Court declines to impose any greater sanction than ordered above. Rule 37(e) creates two tiers of sanctions. For the first tier, under Rule 37(e)(1), "sanctions are centered on the effect of a violation." *Skanska*, 75 F.4th at 1311. "They apply only where lost electronic evidence causes prejudice to another party, which then justifies sanctions no greater than necessary to cure the prejudice." *Id*. "Rule 37(e)(2) sanctions, on the other hand, look more to the cause of the violation." *Id*. They are available only if the court finds "the party acted with the intent to deprive another party of the information's use in the litigation." *Id*. "If so, the court is

13

justified in imposing more severe sanctions: adverse jury instructions, and even dismissal or default judgment." *Id.*

Imposing any sanction beyond the adverse instruction already ordered requires the Court to find bad faith. *Id.* at 1312. Bad faith "generally means destruction [of evidence] for the purpose of hiding" it. *Id.* It is "not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." *United States v. Gilbert*, 198 F.3d 1293, 1299 (11th Cir. 1999). There is no direct evidence that Grossman destroyed the PowerPoint to shield its contents. The only testimony offered was "that it's his practice to . . . delete these documents." (Doc. 307-1 at 35:14-15.) Although this explanation has some tension with logic, there are not enough other "hallmarks" of bad faith for the Court to infer nefarious conduct. *See Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV, 2009 WL 3823390, at *16 (S.D. Fla. Nov. 16, 2009).

Given the current record, the Court cannot say Warrington was anything beyond negligent for not securing a copy of the PowerPoint or directing Grossman to preserve it, which is insufficient for dismissal or any further sanction under Rule 37(e)(2). *See, e.g.*, *Wandner v. Am. Airlines*, 79 F. Supp. 3d 1285, 1299 (S.D. Fla. 2015) ("[D]istrict courts in our Circuit regularly deny

14

adverse inference requests even when there is an indisputable destruction of evidence.").

One last issue. Patel Cigars also references this Court's inherent power to impose sanctions. (Doc. 239 at 10.) It does not appear this standard is further discussed or applied. But even if it were, the Court would order nothing further. As mentioned, a curative instruction strikes the right balance—it addresses the prejudice caused by the missing evidence while allowing the case to proceed. The current record justifies nothing further. *See, e.g., Geiger v. Carnival Corp.*, No. 16-24753-CV, 2017 WL 9362844, at *7 (S.D. Fla. Oct. 4, 2017) (declining to dismiss case where the movant "failed to meet its burden of showing both a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct").

### III. Conclusion

For these reasons, Patel Cigars' Motion for Sanctions (Doc. 239) is **GRANTED IN PART AND DENIED IN PART**. The Court will sanction Warrington under Rule 37(b)(2) by issuing an appropriate adverse jury instruction. All other relief sought is denied.

**ORDERED** in Fort Myers, Florida on March 12, 2025.

Kyle C. Dudek
United States Magistrate Judge