UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRAD WARRINGTON,

Plaintiff,

v. Case No. 2:22-cv-77-KCD-KRH

RAKESH PATEL, ROCKY PATEL PREMIUM CIGARS, INC.,

Defendants,
_______________________________/

# ORDER

This dispute centers on Plaintiff Brad Warrington's thwarted attempt to cash out his minority stake in Defendant Rocky Patel Premium Cigars, Inc. (*See* Doc. 1.)[1] Warrington claims the company's majority shareholder, Defendant Rakesh Patel, improperly blocked the sale and "repeatedly engaged in conduct that prioritized his personal wealth over the interests of the corporation, including self-dealing and misuse of company assets." (*Id.* at 2.) The case is scheduled for trial on the remaining claims next month.

On the deadline for pretrial filings, Defendants filed eleven separate motions in limine. (Docs. 459, 460, 461, 462, 463, 464, 466, 467, 468, 469, 471.) And for good measure, they tossed in a motion for clarification and motion to bifurcate. (Docs. 465, 470.) Warrington now moves to strike these

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

filings, arguing that Defendants' 136 pages of briefing breaches Local Rule 3.01(b). (Doc. 473.) According to Warrington, Rule 3.01(b) prohibits "filing separate motions on individual issues to get extra pages without permission." (*Id.* at 3.)

As tempted as the Court is to strike the motions in limine and move on, the text of Local Rule 3.01(b) does not appear to forbid Defendants' conduct. Rule 3.01(b) governs the anatomy and length of a single motion. It requires that a motion and its supporting memorandum travel together in one document, and it caps that filing at twenty-five pages. What the rule does not do is restrict how many motions a party may file on separate subjects. And arguably, motions in limine tackle distinct evidentiary disputes, meaning each presents a separate issue for the Court to resolve. We may well close this procedural gap in the future, but for now the Court will not prohibit Defendants' motions where the local rule is at best unclear on the topic.

What is more, Defendants' motions in limine raise evidentiary issues that will require attention before a jury is seated. So rather than toss the filings on a procedural technicality, the Court begrudgingly finds it best to address them at the final pretrial conference as normal.

As for the motion to bifurcate (Doc. 470), the Court will address that now. Federal Rule of Civil Procedure 42(b) allows a district court to order a separate trial of one or more issues "[f]or convenience, to avoid prejudice, or

to expedite and economize." Fed. R. Civ. P. 42(b). While several factors are relevant to this decision, "[t]he predominant consideration is a fair and impartial trial through a balance of benefits and prejudice." *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 311 F.R.D. 685, 686 (M.D. Fla. 2015). Ultimately, Rule 42 "confers broad discretion on the district court in this area." *Harrington v. Cleburne Cnty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001).

The Court will not order bifurcation. Defendants seek to separate "the punitive damages claim from the remaining issues at trial" to avoid the jury hearing evidence about Patel's wealth when considering liability. (Doc. 470 at 2.) According to Defendants, if the jury learns about Patel's personal finances or lifestyle during the liability phase, they will be overwhelmingly prejudiced. (*Id.* at 7.)

Defendants' argument overlooks the realities of this case. Warrington's theory of liability rests on the premise that Patel treated the company as his personal piggy bank, funneling money to himself to the detriment of other shareholders. Because Patel's spending and compensation are intertwined with core liability questions, a bifurcated trial on punitive damages would hardly serve judicial economy. We would just be listening to the same evidence twice. And the Court is otherwise satisfied that any prejudice can be alleviated through jury instructions and evidentiary objections.

Accordingly, it is **ORDERED**:

1. Warrington's Time-Sensitive Motion to Strike (Doc. 473) is **DENIED**. The Court will address the motions in limine (Docs. 459, 460, 461, 462, 463, 464, 466, 467, 468, 469, 471) and motion for clarification (Doc. 465) at the final pretrial conference.

2. Defendants' Motion to Bifurcate Trial and Defer Punitive Damages (Doc. 470) is **DENIED**.

**ENTERED** in Fort Myers, Florida on November 5, 2026.



Kyle C. Dudek
United States District Judge